**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES TODD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-743-DWD** |
| | ) | |
| **JACKSON COUNTY ILLINOIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Robert Barker, Jr., a detainee or inmate at the Jackson County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff plainly alleges:

> I was charged for a crime I did not commit, which led to me losing my job, my son, my house, my truck, my whole life! I was falsely accused, and

> imprisoned and posted at 25,000.00 bond. The alleged victim went to the states attornies [sic]office and told them they lied and I was innocent! The states attornies [sic] office still has not dropped the case and is withholding evidence that proves my innocence.

(Doc. 1 at 5). As relief, Plaintiff seeks dismissal of the criminal charges, and extensive monetary compensation. (Doc. 1 at 6).

## ANALYSIS

Plaintiff's complaint may not proceed as pled for at least two reasons. First, *Younger v. Harris*, requires federal courts to abstain or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings, 401 U.S. 37, 43-44 (1971). *See* *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021) (a federal court should not intervene with ongoing state criminal proceedings under *Younger* abstention). Federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interest, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Extraordinary or special circumstances are generally limited to issues of double jeopardy or speedy trial. *Sweeny v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Here, Plaintiff clearly is asking the Court to intervene in pending criminal proceedings, but he has not adequately described the situation to establish the existence of an extraordinary circumstance that would warrant intervention by this Court.

Second, Plaintiff's sole named defendant is Jackson County Illinois. While a county or municipality may be held liable for wrongdoing under § 1983, this sort of

liability requires a plaintiff to allege that he was harmed by a custom, policy, or practice of the government entity as a whole. *See e.g.*, *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020) (a county is not on the hook merely for employing those who cause harm, instead a plaintiff must establish that a municipal custom or policy directly caused harm). Plaintiff's complaint does nothing to tie the alleged harms to the named defendant, so the complaint cannot proceed as pled. In fact, Jackson County is merely named in the case caption, but it is not discussed by name in the factual allegations, making the claim inadequate to proceed. *Black v. Lane*, 22 F.3d 1395, 1401 at n.8 (7th Cir. 1994) (naming a party in the case caption without discussing their role in the complaint is insufficient to state a claim).

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) must be dismissed as insufficient to state a claim. Plaintiff shall have 30 days to amend his complaint. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original pleadings. Thus, the Amended Complaint must stand on its own, without reference to any previous pleading. If Plaintiff fails to plead an adequate claim, his case will be dismissed for failure to state a claim, and he will receive a strike. 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is insufficient to state a claim,. Plaintiff shall have 30 days to file an amended complaint, failing which

this case will be dismissed for failure to state a claim. The Clerk of Court shall send Plaintiff a civil rights template to assist him in preparing an amended pleading.

Plaintiff's Motion for Status (Doc. 9) is **DENIED as MOOT** because it inquires about a case filed in 2024 and it is not relevant to this case.

**IT IS SO ORDERED.**

**DATED:** September 23, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.09.23 16:07:34 -05'00'

DAVID W. DUGAN
United States District Judge